United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 18-10742-elf
Deneen M Checchia                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2         User: DonnaR              Page 1 of 1              Date Rcvd: Sep 04, 2020
                             Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 06, 2020.
db              +Deneen M Checchia,    6217 Walker Street,    Philadelphia, PA 19135-3507

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 06, 2020                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 4, 2020 at the address(es) listed below:
              JEROME B. BLANK    on behalf of Creditor    Lakeview Loan Servicing, LLC paeb@fedphe.com
              MARIO J. HANYON    on behalf of Creditor    Pingora Loan Servicing, LLC paeb@fedphe.com
              MARIO J. HANYON    on behalf of Creditor    Flagstar Bank, FSB paeb@fedphe.com
              MICHAEL P. KELLY    on behalf of Debtor Deneen M Checchia mpkpc@aol.com,
               r47593@notify.bestcase.com
              REBECCA ANN SOLARZ    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Pingora Loan Servicing, LLC bkgroup@kmllawgroup.com
              THOMAS YOUNG.HAE SONG    on behalf of Creditor    Pingora Loan Servicing, LLC paeb@fedphe.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 9

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Deneen M. Checchia<br>　　　　Debtor | | CHAPTER 13 |
| MIDFIRST BANK<br>　　　　Secured Creditor<br>vs. | | NO. 18-10742 ELF |
| Deneen M. Checchia<br>　　　　Debtor | | |
| William C. Miller, Esquire<br>　　　　Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. This Stipulation between Midfirst Bank (hereinafter referred to as "Secured Creditor") and Debtor hereby supersedes the prior stipulation approved by this Court on or about October 2, 2019, document 63.

2. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$11,560.85** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to May 2020 in the amount of $980.15/month<br>June 2020 to August 2020 in the amount of $914.28/month |
| Agreed Order Payments: | November 2019 to February 2020 in the amount of $618.51/month; March 2020 in the amount of $618.53/month |
| Late Charges: | February 2020 to July 2020 in the amount of $22.02/month |
| Suspense Balance: | $337.58 |
| Notice of Default Fees: | $50.00 |
| **Total Post-Petition Arrears** | **$11,560.85** |

3. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan, plus any necessary motions for its approval, to include the post-petition arrears of **$11,560.85.**

b). Secured Creditor shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$11,560.85** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

4. Beginning with the payment due September 1, 2020 and continuing thereafter, Debtor shall pay to Secured Creditor the present regular monthly mortgage payment of $914.28 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Secured Creditor shall adjust the account accordingly.

6. In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, Secured Creditor shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting Secured Creditor immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Secured Creditor shall file a Certification of Default with the Court and the Court shall enter an order granting Secured Creditor relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 18, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Secured Creditor

Date: 8/26/2020

Michael P. Kelly, Esquire
Attorney for Debtor

Date: 9/1/2020

/s/ LeRoy W. Etheridge, Esq. for
William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

**ORDER**

Approved by the Court this 4th day of September, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank